**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4240**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ELLEN MADANS FROST,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Robert J. Conrad, Jr., District Judge. (1:19-cr-00064-RJC-DSC-1)

Submitted: March 1, 2022                          Decided: April 25, 2022

Before WYNN and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Leslie Carter Rawls, Charlotte, North Carolina; Anthony G. Scheer, RAWLS, SCHEER, CLARY, & MINGO, PLLC, Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ellen Madans Frost pled guilty pursuant to a conditional plea agreement to conspiracy to commit an offense against the United States (federal program fraud), in violation of 18 U.S.C. § 371, reserving the right to challenge the district court's denial of her motion to dismiss the indictment. The district court sentenced Frost to six months' imprisonment, followed by one year of supervised release. On appeal, Frost contends that the district court erred in denying her motion to dismiss the indictment because the indictment failed to allege substantive elements of the charged offenses, including the conspiracy charge, and certain supporting facts for the charges. For the following reasons, we affirm.

We review a district court's legal conclusions on a motion to dismiss an indictment de novo and its factual findings for clear error. *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014). "To satisfy the Fifth and Sixth Amendments, '[a]n indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense.'" *United States v. Blankenship*, 846 F.3d 663, 668 (4th Cir. 2017) (quoting *Perry*, 757 F.3d at 171). Under this standard, "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished." *Perry*, 757 F.3d at 171 (internal quotation marks omitted). "[A]ny general description based on the statutory language 'must be accompanied with such a statement of the facts and

2

circumstances as will inform the accused of the specific [offense], coming under the general description, with which he is charged.'" *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117-18 (1974)).

To establish a violation of 18 U.S.C. § 371, the offense of Frost's conviction, the Government must show: (1) an unlawful agreement to commit an offense; (2) willing participation by the defendant; and (3) an overt act committed in furtherance of the conspiracy. *United States v. Vinson*, 852 F.3d 333, 352 (4th Cir. 2017). The indictment here charged a conspiracy to violate the federal program fraud statute, 18 U.S.C. § 666(a)(1)(A). To establish a violation of this statute, the Government must prove that: (1) the defendant was an agent of a state, local, or tribal government organization; (2) the defendant embezzled, stole, obtained by fraud, knowingly converted to another, or intentionally misapplied property; (3) the property was owned by or in the custody, care, or control of the government organization; (4) the property was worth at least $5,000; and (5) the victimized government organization received more than $10,000 of federal benefits within a one-year period. 18 U.S.C. § 666(a)(1)(A), (b); *see United States v. Abu-Shawish*, 507 F.3d 550, 554 (7th Cir. 2007); *United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010); *United States v. Doty*, 832 F. App'x 174, 179 (4th Cir. 2020).

We have reviewed the record, the applicable statutes, and the arguments in the parties' briefs, and conclude that the district court did not err in denying Frost's motion to dismiss the indictment, as the indictment adequately charged the offense of Frost's conviction. Accordingly, we affirm the judgment of the district court. We dispense with

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*